```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
TODD DORN,                          :
                                    :
         Plaintiff,                 :   Civ. No. 14-3441 (NLH)
                                    :
    v.                              :   OPINION
                                    :
ATLANTIC CITY POLICE                :
    DEPARTMENT, et al.,             :
                                    :
         Defendants.                :
_____ :

APPEARANCES:
Todd Dorn, #406042B/776752
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
    Plaintiff pro se

HILLMAN, District Judge

 Plaintiff Todd Dorn, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, filed this civil action pursuant to 42 U.S.C. § 1983. On July 21, 2014, the action was administratively terminated for failure to pay the filing fee or submit a complete in forma pauperis application. Thereafter, Plaintiff submitted another application to proceed in forma pauperis and the case was reopened for review by a judicial officer. On April 30, 2015, the Court granted Plaintiff's application to proceed in forma pauperis, but noted that summons

would not issue until such time as the Court completed its <u>sua sponte</u> screening.

The Court has had the opportunity to review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2) (<u>in forma pauperis</u> actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). Because Plaintiff's submission is devoid of factual allegations, the Complaint will be dismissed for failure to state a claim upon which relief will be granted. However, Plaintiff will be given leave to file an amended complaint.

## I.  BACKGROUND

Plaintiff provides little factual information in his Complaint. He alleges that he was illegally indicted because Defendant Rodney Ruark, whom Plaintiff asserts is a police officer with the Atlantic City Police Department, gave false information to the grand jury. Plaintiff asserts that this caused him to spend 5 years in jail.

Specifically, Plaintiff contends that Detective Ruark gave sworn testimony to the "Grand Jury of Atlantic County N.J. that [he] [possessed] and [possessed] with intent to distribute one ounce of cocaine." (Compl. 6, ECF No. 1). In support of his

allegation that Detective Ruark's statement to the grand jury were untrue, Plaintiff states that "it was found out on Nov. 2013 in a court hearing that there was never any drugs or any evidence that Todd Dorn did anything wrong." (Compl. 6, ECF No. 1).

Plaintiff does not specify the type of "court hearing" or proceeding in which this determination was made.  Nor does Plaintiff indicate the effect that this determination had on Plaintiff's underlying criminal proceeding, or on Plaintiff's sentence for these charges.  Plaintiff simply concludes his Statement of Claims section by stating, "[t]hus spending 5 years in prison." (Compl. 6, ECF No. 1).

With respect to his allegations against the Defendant Atlantic City Police Department, Plaintiff alleges that "they employ liars and crooked police officers." (Compl. 5, ECF No. 1).  No further information is provided.

Plaintiff explains that he previously sought relief with respect to this issue when he "put a tort claim from N.J. Bureau of Tresury [sic]." Id.  Plaintiff states that he has not yet received a response.

As for relief, Plaintiff seeks punitive damages in an unspecified amount for "5 y[ears] of life lost, plus mental stress, plus the damage of stress to [his] children for the lost [sic] of the father." (Compl. 7, ECF No. 1).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is

"'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

IV. ANALYSIS

Even construing Plaintiff's pro se submission liberally, there are no factual allegations present in the Complaint which could form the basis of a cause of action under § 1983. As noted above, basic information is absent from the Complaint. Among other things, Plaintiff fails to provide information regarding the underlying criminal proceeding in which Plaintiff alleges he was illegally indicted; the status of the criminal

case against Plaintiff; the outcome and purpose of the November 2013 court hearing Plaintiff references in his Compliant; the purpose and duration of Plaintiff's incarceration; the constitutional right which Plaintiff alleges was violated; and the date(s) on which this alleged violation occurred.

Furthermore, the Atlantic City Police Department is not a "person" subject to liability under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Defendant Atlantic City Police Department, therefore, will be construed as the city of Atlantic City. See Jackson v. City of Erie Police Dep't, 570 F. App'x 112, 114 (3d Cir. 2014) (per curiam) (not precedential); Boneberger v. Plymouth Twp., 132 F.3d 20, 25 (3d Cir. 1997) (holding that, for purposes of § 1983, municipality and its police department are treated as a single entity); see also Charm v. New Jersey, No. 11-4676, 2012 WL 1455457, at *2 (D.N.J. Apr. 24, 2012).

However, "a municipality cannot be held liable solely because it employs a tortfeasor." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, "it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id.

In this case, Plaintiff asserts that Atlantic City "employs liars and crooked officers." (Compl. 5, ECF No. 1). This conclusory assertion, without more, is insufficient to create municipal liability under Monell. See Caldwell v. Egg Harbor Police Dep't, 362 F. App'x 250, 252 (3d Cir. 2010). The Complaint fails to make any allegations of an unconstitutional policy or custom adopted by Atlantic City which inflicts a constitutional deprivation. See Hildebrand v. Allegheny County, 757 F.3d 99, 110-11 (3d Cir. 2014) (complaint must plead facts to support Monell liability); McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for Monell claim, complaint "must identify a custom or policy, and specify what exactly that custom or policy was"); Rivera v. Zwiegle, No. 13-3024, 2014 WL 6991954, at *3 (D.N.J. Dec. 09, 2014) (same). Accordingly, Plaintiff's claims against the Atlantic City Police Department are dismissed.

Additionally, insufficient information is provided regarding Defendant Detective Ruark. Although he, as an officer of the Atlantic City Police Department, could be a proper subject of a § 1983 complaint, Plaintiff does not provide sufficient information in the Complaint to state a cause of action against him. Presumably, Plaintiff means to assert a claim for malicious prosecution against Detective Ruark. However, this claim, as pled, is untenable.

> To prove malicious prosecution under § 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding, (2) the criminal proceeding ended in his favor, (3) the defendant initiated the proceeding without probable cause, (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007).

Here, Plaintiff does not plead facts sufficient to show that Detective Ruark initiated the criminal proceeding, let alone that he did so without probable cause. The Court notes that a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. See Gatter v. Zappile, 67 F. Supp.2d 515, 519 (E.D. Pa. 1999), aff'd, 225 F.3d 648 (3d Cir. 2000); Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989). In light of Plaintiff's statement that the grand jury did, in fact, indict him, Plaintiff's ability to demonstrate the absence of probable cause is limited.

At the pleading stage, however, "this prima facie evidence [of probable cause] may be rebutted by [allegations] that the presentment was procured by fraud, perjury or other corrupt means." Rose, 871 F.2d at 353 (stating that the allegations must be sufficient "to overcome the presumption of grand jury regularity") (citations omitted); see also Palma v. Atl. Cnty., 53 F. Supp. 2d 743, 756 (D.N.J. 1999). Accordingly, Plaintiff

can rebut the presumption of probable cause triggered by the return of an indictment by alleging grand jury irregularity.

Additionally, because the Complaint may not be subject to the heightened pleading standard applied in Rose, see Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), minimal allegations of grand jury irregularity would be enough to allege the absence of probable cause. See Palma, 53 F. Supp. 2d at 757 n.10.

Here, Plaintiff alleges that Detective Ruark gave false information to the grand jury; specifically, that he falsely testified that Plaintiff possessed, and possessed with the intent to distribute, one ounce of cocaine. At first glance, this allegation appears comparable to the allegations made in Palma which were deemed sufficient to rebut the prima facie evidence of probable cause reflected by the return of an indictment. Id. at 757.

In this case, however, Plaintiff fails to provide information regarding the precise charges against him or the totality of the evidence before the grand jury. Without more information regarding the circumstances of the charges in the indictment or the grand jury process itself, the conclusory allegations that Detective Ruark's statements were false are insufficient to satisfy even the minimal pleading requirements

of grand jury irregularity.  Thus, Plaintiff has failed to sufficiently allege a lack of probable cause and his malicious prosecution claim fails.

Further, even assuming that Detective Ruark had initiated the criminal proceedings without probable cause, Plaintiff has failed to establish that the criminal proceeding ended in his favor.  In support of his claim against Detective Ruark, Plaintiff points to a determination made in an unspecified court hearing, which occurred in November 2013.  Therefore Plaintiff implies, but does not state with any specificity, that some criminal proceeding ultimately concluded in his favor.  However, Plaintiff does not provide sufficient information about that court hearing to explain how, and if, this determination marked a favorable end to the criminal proceeding allegedly initiated by Detective Ruark.  Accordingly, any claim for malicious prosecution is insufficiently pled and must be dismissed.

Furthermore, as stated above, Plaintiff has not explained the specific charges for which he was indicted, the status of those charges, or the resolution of the criminal case against him resulting from those charges.  Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), Plaintiff cannot seek relief under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral

proceedings. Without more information regarding the underlying criminal proceedings, further consideration of the allegations in Plaintiff's Complaint risks running afoul of the Supreme Court's holding in Heck. Id.

V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim under § 1983, the Court will grant Plaintiff leave to file an application to reopen accompanied by a proposed amended complaint.[1] See Denton, 504 U.S. 25; Grayson, 293 F.3d 103.

An appropriate Order follows.

                                                 ___s/ Noel L. Hillman_____
                                                 NOEL L. HILLMAN
                                                 United States District Judge

Dated: May 13, 2015
At Camden, New Jersey

---

[1] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.